Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2199 | **DATE** | 03/28/2013 |
| **CASE TITLE** | HiWay 87 Stop, Inc. et al. vs. Power Buying Dealers, USA, Inc. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in the Statement section of this order, the plaintiffs' motion to compel arbitration [19] is granted. Per their written agreements, the parties must submit their dispute to non-binding arbitration. The parties are permitted to petition the arbitrator to allow (or prohibit) the arbitration to proceed on a class-wide basis. This case is stayed pending the arbitration. The parties are directed to file a joint status report with this Court upon conclusion of the arbitration.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiffs HiWay 87 Stop, Inc., Borgfield Investment, Inc., West Ave Express, Inc., and Garden Investment, Inc. filed a putative class action against Defendants Power Buying Dealers, USA, Inc. and Samer Odeh, alleging that the defendants owe the plaintiffs compensation for certain rebates and marketing funds under Vision 21 Master Agreements ("Agreements") that the parties entered into. The plaintiffs initially filed their complaint in Illinois state court, and the defendants removed it to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The defendants then moved to compel non-binding arbitration of the dispute pursuant to the terms of the Agreements, and their motion was granted at the parties' agreement.

After agreeing to arbitrate their dispute, however, the parties could not come to a further agreement as to whether the arbitration should proceed on a class-wide basis. The plaintiffs filed a demand for arbitration and informed the defendants that they had initiated one arbitration on behalf of the entire putative plaintiff class. The defendants objected to class-wide arbitration, and refused to proceed in that format. The plaintiffs now move the Court to compel the defendants to participate in the arbitration.

### DISCUSSION

Each of the plaintiffs and potential class members entered into an identical Agreement with the defendants. The Agreements included a mandatory non-binding arbitration clause, stating:

> 17. **Arbitration.** The Parties agree that any claim or dispute arising out of this Agreement will be submitted to non-binding arbitration pursuant to the rules and procedures of the State of Illinois Arbitration Board.

Dkt. 19-7 ¶ 17. The parties further agreed that:

> 16. **Governing Law.** This Agreement shall be interpreted with and governed by the laws of the State of Illinois to which jurisdiction the parties hereto irrevocably submit themselves.

*Id.* ¶ 16. Where, as here, the parties agree that a particular state's laws will govern their contract, that state's laws also governs the arbitration. *Volt Info. Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989) (enforcing parties' agreement to arbitrate under state law). Accordingly, Illinois law will govern the parties' arbitration, and the defendants' invocation of federal law through the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, is misplaced. *Tortoriello v. Gerald Nissan of N. Aurora, Inc.*, 379 Ill. App. 3d 214, 225, 882 N.E.2d 157, 168 (Ill. App. Ct. 2008) ("in circumstances where parties to a contract have agreed to arbitrate in accordance with state law, the FAA does not apply, even where interstate commerce is involved") (quoting *Glazer's Distrib. of Illinois, Inc. v. NWS-Illinois, LLC*, 376 Ill. App. 3d 411, 421, 876 N.E.2d 203, 212 (Ill. App. Ct. 2007)). Therefore, the Illinois Uniform Arbitration Act ("Arbitration Act"), 710 Ill. Comp. Stat. 5/1 *et seq.*, applies. Under Illinois law, non-binding arbitration is considered to be a type of arbitration. *See Stratford W. Homeowners Ass'n v. Country Mut. Ins. Co.*, 338 Ill. App. 3d 288, 291, 788 N.E.2d 342, 343-44 (Ill. App. Ct. 2003); *but see Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003) (the FAA does not apply to every form of non-binding arbitration).

    The arbitration provision in the Agreements is silent as to whether class arbitration is allowed. The provision refers to the rules and procedures of the State of Illinois Arbitration Board, but that entity apparently does not exist and neither party has identified what its rules and procedures consisted of when it was extant. *See* Sur-Reply (Dkt. 27) at 2 ("the State of Illinois Arbitration Board is no longer active, and its rules unknown"). Illinois law does not preclude arbitration on a class-wide basis, *Kinkel v. Cingular Wireless LLC*, 223 Ill.2d 1, 47-48, 857 N.E.2d 250, 278 (2006), but the Illinois state courts appear not to have decided whether class arbitration can be compelled under the Arbitration Act when an arbitration agreement is silent on the point. However, because the parties explicitly agreed that "any . . . dispute arising out of this Agreement will be submitted to non-binding arbitration," and the parties now dispute whether the Agreement allows for class arbitration, the question whether to proceed in arbitration as a class is for the arbitrator to decide.

    Federal courts applying the FAA submit the class arbitration question to the arbitrator when the arbitration provision is silent on the issue, as here. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 451-52 (2003) (plurality opinion). Illinois state courts have also adopted that course of conduct when arbitration provisions are governed by the FAA. *See Bess v. DirecTV, Inc.*, 351 Ill. App. 3d 1148, 1154-55, 815 N.E.2d 455, 460 (Ill. App. Ct. 2004). And Illinois courts interpreting the Arbitration Act regularly look for guidance to cases interpreting the FAA. *See Rexnord Indus., LLC v. RHI Holdings, Inc.*, 389 Ill. App. 3d 393, 396, 906 N.E.2d 682, 684 (Ill. App. Ct. 2009). Referring the class arbitration question to the arbitrator also fits with the

general Illinois rule that "when the language of an arbitration clause is broad and it is unclear whether the subject matter of the dispute falls within the scope of [the] arbitration agreement, the question of substantive arbitrability should initially be decided by the arbitrator." *Bahuriak v. Bill Kay Chrysler Plymouth, Inc.*, 337 Ill. App. 3d 714, 718, 786 N.E.2d 1045, 1049 (Ill. App. Ct. 2003) (quoting *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 124 Ill.2d 435, 447-48, 530 N.E.2d 439, 445 (Ill. 1988)).

Here, the language of the arbitration provision is broad and it is not clear whether the provision allows for class arbitration. But it is clear that the Agreement requires disagreements to be decided by an arbitrator. The Court sees no reason to believe that Illinois law would depart from the conclusion reached in *Green Tree Fin. Corp.* that the class arbitration issue should be decided by the arbitrator.

That brings us back to the matter at hand: the plaintiffs' motion to compel arbitration of their claims. Because there is a mandatory arbitration provision in the Agreements, the Court grants the plaintiffs' motion. Arbitration should go forward, but the parties are not precluded from arguing to the arbitrator that the arbitration should or should not be class-wide. Given the parties' disagreement, it seems likely that the arbitrator will need to decide the class arbitration question at the outset before addressing the merits of the plaintiffs' claims.

That the arbitration is non-binding does not change this analysis. Though the parties are not bound by the arbitrator's ultimate decision on the merits of their dispute, participation in the arbitration is required by the terms of their agreement. The parties chose Illinois law to govern their agreement, including their agreement to arbitrate, and for the reasons stated above, the Court concludes that under Illinois law the question of whether the arbitration should proceed on a class-wide or individual basis is itself a decision for the arbitrator; participation in the arbitration cannot, therefore, be conditioned on the arbitrator's ruling on that question.

Therefore, the parties should proceed to arbitration forthwith, and the arbitrator may decide what form the arbitration should take.

*[Signature: John J. Tharp Jr.]*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|