IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HIWAY 87 STOP, INC., BORGFIELD INVESTMENT, INC., WEST AVE EXPRESS, INC., GARDEN INVESTMENT, INC., on behalf of themselves and a class of similarly situated corporations<br><br>        Plaintiffs,<br><br>        v.<br><br>POWER BUYING DEALERS, USA, INC. and SAMER ODEH, individually,<br><br>        Defendants. | No. 12 C 2199<br><br>Judge John J. Tharp, Jr. |

## ORDER

For the reasons set forth below, Plaintiff's "Motion to Vacate the Arbitrator's Partial Final Award and for Class Arbitration," Dkt. 48, is denied. A status hearing is set for Wednesday, August 12, 2015, at 9:00 a.m.

## STATEMENT

### I.  Background

Plaintiffs HiWay 87 Stop, Inc., Borgfield Investment, Inc., West Ave Express, Inc., and Garden Investment, Inc., filed a putative class action against defendants Power Buying Dealers, USA, Inc., and Samer Odeh, alleging that the defendants owe the plaintiffs compensation for certain rebates and marketing funds under Vision 21 Master Agreements ("Agreements") that each of the plaintiffs entered into with the defendants. The plaintiffs initially filed their complaint in Illinois state court, and the defendants removed it to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The defendants then moved to compel non-binding arbitration of the dispute pursuant to the terms of the Agreements, and their motion was granted at the parties' agreement.

After agreeing to arbitrate their dispute, however, the parties could not come to a further agreement as to whether the arbitration should proceed on a class-wide basis. The plaintiffs filed a demand for arbitration and informed the defendants that they had initiated one arbitration on behalf of the entire putative plaintiff class. The defendants objected to class-wide arbitration, and refused to proceed in that format. The plaintiffs next asked the Court to compel the defendants to participate in the arbitration. The Court granted the plaintiffs' motion on the basis of the mandatory arbitration provision in the Agreements. Order, Dkt. 38, at 3. The Court noted the arbitrator should decide the issue of whether arbitration should or should not be class-wide. *Id.*

The arbitrator (retired District Judge David Coar) decided that class-wide arbitration was not available. *See* Partial Final Award, Dkt. 50-1, at 13-14. Additional discussions with the arbitrator followed concerning administrative consolidation of separate related claims. The arbitrator determined that the issue of consolidation could not be decided until these cases were actually filed. Arbitration Order, Dkt. 53-2, at 1. The plaintiffs now move that the Court vacate the arbitrator's Partial Final Award and compel the parties to participate in a class-wide arbitration.

## II.     Analysis

Plaintiffs essentially request that the Court vacate one of two orders: (1) the Court's March 28, 2013, order stating that the determination of the availability of class-wide arbitration must be made by the arbitrator, or (2) the arbitrator's Partial Final Award ruling that class-wide arbitration is not available to plaintiffs. While plaintiffs' motion is not titled a "motion to reconsider," by asking the Court to decide the class arbitration issue on its own, the motion is essentially asking the Court to reverse its previous ruling "that the class arbitration issue should be decided by the arbitrator." Order, Dkt. 38, at 3. Because the plaintiffs' motion challenges the merits of the Court's earlier decision, it must satisfy the requirements of Rule 59(e) or Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1993)). Rule 59(e), however, applies only where there has been a final judgment; no judgment has been entered here, so Rule 59(e) cannot apply. *See* Fed. R. Civ. P. 59(e) (applying on its face only to motions "to alter or amend a judgment"). Accordingly, Rule 60(b) governs this motion, as the plaintiffs clarify in their Reply brief. *See* Reply, Dkt. 53, at 3.

Motions pursuant to Rule 60(b)(6) should only be used in "extraordinary circumstances" that justify upsetting a court's decision. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Choice Hotels Intern., Inc. v. Grover*, No. 14–3294, 2015 WL 4081169, at *1 (7th Cir. July 7, 2015). A strict interpretation of Rule 60(b)(6) is required to preserve the finality of judgments. *Gonzalez*, 545 U.S. at 535; *see also Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.*, 131 F.3d 625, 628 (7th Cir. 1997) ("[T]he need for the finality of judgments is an overarching concern" when evaluating Rule 60(b) motions.).

Plaintiff's opening brief in support of their motion did not cite Rule 60, much less attempt to satisfy any of its requirements. After the defendants noted this failure in their response brief, the plaintiffs have asserted in reply that their request that the Court revisit its prior ruling is authorized by Rule 60(b)(6), which permits a motion to reconsider based on "any other reason that justifies relief." Reply, Dkt. 53, at 3. "[R]elief under Rule 60(b)(6) requires the movant to establish that 'extraordinary circumstances' justify upsetting a final decision." *Choice Hotels Int'l, Inc. v. Grover*, No. 14-3294, 2015 WL 4081169, at *1 (7th Cir. July 7, 2015) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 535–38 (2005)). The plaintiffs fall far short of meeting this standard.

In support, they offer a Third Circuit opinion issued a year ago holding that "the availability of classwide arbitration is a substantive 'question of arbitrability' to be decided by a court absent clear agreement otherwise." *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326, 329 (3d Cir. 2014) *cert. denied,* 135 S. Ct. 1530, 191 L. Ed. 2d 558 (2015). That holding is not entirely inconsistent with this Court's prior ruling, however; here, the Court determined that

because the arbitration agreement required "any dispute" arising from the contract to be submitted to arbitration, it clearly called for arbitration of the class arbitration issue. The arbitration provision at issue in *Opalinkski* was similarly broad, but the court in that case simply glossed over the language requiring "any" dispute to be arbitrated. *See id*. at 335. In *Green Tree*, by contrast, the plurality concluded that a similar term clearly evinced an intention that the question of class arbitration be submitted to the arbitrator:

> The parties agreed to submit to the arbitrator *"[a]ll* disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract." *Ibid.* (emphasis added). And the dispute about what the arbitration contract in each case means (*i.e.,* whether it forbids the use of class arbitration procedures) is a dispute "relating to this contract" and the resulting "relationships." Hence the parties seem to have agreed that an arbitrator, not a judge, would answer the relevant question.

*Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 451-52 (2003) (plurality opinion). This Court agrees with that logic. Further, and as noted in the Court's original opinion, Illinois courts follow *Green Tree*. *See Bess v. DirecTV, Inc.*, 351 Ill. App. 3d 1148, 1154-55, 815 N.E.2d 455, 460 (Ill. App. Ct. 2004).

In any event, a subsequent ruling by a court in another circuit, which is not binding authority, is not an extraordinary circumstance that justifies a course reversal more than two years after the Court issued its original ruling. The plaintiffs essentially argue that the Court was wrong in its March 28, 2013, order by re-raising the same arguments considered on that order. *Compare* Mot., Dkt. 19, at 3-6 (arguing that Illinois law, not federal law, applies; that contractual silence on class arbitration requires the defendant to participate in class arbitration; and that removal to federal court under the Class Action Fairness Act logically flows to the arbitration proceeding), *with* Pl.'s Mem., Dkt. 50, at 3-8 (arguing that Illinois law, not federal law, applies; that class arbitration does not require express consent; and that the court, not the arbitrator, should decide the class arbitration issue). Granting the plaintiffs' motion would essentially abrogate the Court's prior order without justification, and the plaintiffs have not identified a good reason for doing so.

Since the plaintiffs have not presented an extraordinary circumstance compelling the Court to vacate its earlier order, the Court must address the motion to vacate with attendant deference to the arbitrator's Partial Final Award. "A long line of cases has established that an arbitrator's award will not be set aside because of his errors in judgment or mistakes of law or fact." *Garver v. Ferguson*, 76 Ill. 2d 1, 7, 389 N.E.2d 1181, 1183 (1979). The Seventh Circuit has found that to use Rule 60(b)(6) to obtain relief from an arbitration award, the movant must show that the arbitrator "violated the ethical and legal standards for arbitrators" and that "the violation created a substantial danger of an unjust result." *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 682-83 (7th Cir. 1983). Otherwise, all arbitration awards could be subject to Rule 60(b)(6) motions to vacate. *See id.* at 683. There is no evidence presented, for purposes of the Rule 60(b)(6) motion, that the arbitrator violated any standards or created a substantial danger of an unjust result. The plaintiffs have not raised any new arguments in their motion not already

detailed in their original motion to compel arbitration, Dkt. 19, and the plaintiffs' argument that the arbitrator misapplied the law does not suffice to challenge the award.[1]

Additionally, plaintiffs' motion is not timely. Pursuant to Illinois Supreme Court Rule 93(a), "any party wishing to reject an arbitration award must file a notice of rejection within 30 days, and must pay a fee unless the fee is waived by the court on the basis of indigence." *Stemple v. Pickerill*, 377 Ill. App. 3d 788, 791, 879 N.E.2d 1042, 1046 (2007) (citation omitted). The Partial Final Award was entered on February 10, 2014. The plaintiffs did not file their Motion to Vacate until August 22, 2014, over six months after the award date. Although additional discussions with the arbitrator concerning consolidation proceeded after the award date, the record indicates these discussions terminated on June 5, 2014—still over 30 days before the filing of this motion. Dkt. 53-2. If the plaintiffs had wanted to challenge the arbitrator's Partial Final Award, they needed to have filed their motion to vacate within the thirty-day window required under Illinois law. Therefore, the plaintiffs' Motion to Vacate the Arbitrator's Partial Final Award and for Class Arbitration is denied.

Dated: July 31, 2015

John J. Tharp, Jr.
United States District Judge

---

[1] The argument is, in any event, unfounded. The gist of the plaintiffs' argument is that Judge Coar relied on law relating to the Federal Arbitration Act rather than Illinois law. But as noted in the Court's original opinion, Illinois courts interpreting the Illinois Arbitration Act regularly look for guidance to cases interpreting the FAA. *See Rexnord Indus., LLC v. RHI Holdings, Inc.*, 389 Ill. App. 3d 393, 396, 906 N.E.2d 682, 684 (Ill. App. Ct. 2009). Judge Coar expressly noted in his opinion that Illinois law is unclear whether an agreement's silence as to class arbitration means that class arbitration is permitted or precluded and that in assessing arbitrability, Illinois courts follow the same methodology as do federal courts.